

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

| | | |
|---|---|---|
| Rod J. Rosenstein<br>United States Attorney<br><br>Debra L. Dwyer<br>Assistant United States Attorney | 36 South Charles Street<br>Fourth Floor<br>Baltimore, Maryland 21201 | DIRECT: 410-209-4813<br>MAIN: 410-209-4800<br>FAX: 410-962-3124<br>TTY/TDD: 410-962-4462<br>Debbie.Dwyer@usdoj.gov |

April 30, 2013

Paul Hazlehurst, Esquire
Assistant Federal Public Defender
Office of the Federal Public Defender
Tower II, Suite 1100
100 S. Charles Street
Baltimore, MD 21201

> Re: United States v. Teddric Anderson
> <u>Criminal No. WDQ-12-0634</u>

Dear Mr. Hazlehurst:

    You have informed me that your client, Teddric Anderson, wishes to plead guilty to the Indictment now pending against him which charges him with distribution of heroin, in violation of 21 U.S.C. §841(a)(1). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court. This letter is to advise the Defendant of the elements of the offense, the maximum penalties and the consequences of his plea and sets forth the position of this Office as to the application of the sentencing guidelines to the Defendant's case.

<u>Offense of Conviction</u>

1.    The Defendant is pleading guilty to the Indictment now pending against him, which charges him with distribution of heroin, in violation of 21 U.S.C. §841(a)(1).

<u>Elements of the Offense</u>

2.    The elements of this offense, which this Office would prove if the case went to trial, are as follows:

> That on August 16, 2012, in the District of Maryland, the Defendant knowingly, intentionally and unlawfully distributed a mixture or substance containing a detectable amount of heroin, a Schedule I substance.

## Penalties

3.      The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: imprisonment for twenty years, followed by a three-year term of supervised release, and a fine of $1,000,000.00. In addition, the Defendant must pay $100.00 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4.      The Defendant will be advised that by pleading guilty, he surrenders certain rights as outlined below:

   a.      If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

   b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

   c.      If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

---

[1]      Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

    d.  The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

    e.  If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f.  By pleading guilty, the Defendant will be giving up all of these rights, except the right to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

    g.  If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

    h.  By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

### Advisory Sentencing Guidelines Apply

5.  The Defendant will be advised that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant will be advised further that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Advisory Guidelines

6.  At trial, this Office would prove the facts set forth in the Statement of Facts at Attachment "A" beyond a reasonable doubt. The following is this Office's position regarding the application of the sentencing guidelines to this case:

    a.  This Office and the Defendant agree and stipulate that the Defendant is a Career Offender as that term is defined at U.S.S.G. § 4B1.1. As such, pursuant to U.S.S.G. §§ 4B1.1 (a) and (b)(3), the base offense level for the count of conviction is 32 and the Defendant's criminal history category is VI.

    b.  This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative

3

acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

        c.      Based on the foregoing, the parties agree and stipulate that the final base offense level for the count of conviction is 29 and the applicable advisory sentencing guidelines range would be **151-188** months imprisonment in the Bureau of Prisons.

### Rule 11 (c) (1) (C) Plea

        7.      The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of between **96-120** months incarceration in the Bureau of Prisons is the appropriate disposition of this case. This agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

### Obligations of the United States Attorney's Office

        8.      At the time of sentencing, this Office will recommend a sentence within the range of 96-120 months imprisonment in the Bureau of Prisons and reserves the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

### Waiver of Appeal

        9.      In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

    a)    The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

    b)    The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is

    imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), <u>except</u> as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds **120** months' imprisonment; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below **96** months' imprisonment.

 c) Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

 d) The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

<u>Obstruction or Other Violations of Law</u>

 10. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

<u>Court Not a Party</u>

 11. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, sentence is imposed by the Court, and the Court is under no obligation to accept this plea agreement. In the event the Court rejects this Rule 11(c)(1)(C) plea

5

agreement, pursuant to Rule 11(c)(5)(C), the Defendant will be informed that he may withdraw his plea. If he persists in the guilty plea thereafter, the Defendant understands that the disposition of the case may be less favorable than that contemplated by this agreement. The Defendant understands that neither this Office, his attorney, nor the Court can make a binding prediction or promise that the Court will accept this agreement. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

12. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: /s/ _____
Debra L. Dwyer
Assistant United States Attorney

   I have read this agreement, including the Sealed Supplement and Statement of Facts, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

5-1-13             *Teddric Anderson* (signature)
Date                 Teddric Anderson

   I am Teddric Anderson's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement and Statement of Facts, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

5-1-13            *Paul Hazlehurst* (signature)
Date                Paul Hazlehurst, Esquire

7

## "Attachment A"
## Statement of Facts

On August 16, 2012, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Special Agent Samuel Wright placed a call to phone number 240-581-4469 and spoke to the Defendant, Teddric Anderson. This call was recorded by law enforcement officials. During the call, Wright agreed to meet the Defendant later that day to purchase 20 gelcaps of heroin for the agreed upon price of $200. Wright is familiar with the Defendant from a prior encounter in July of 2012. During that encounter, the Defendant provided Wright with his phone number (the same number called on August 16, 2012) to arrange for the future purchase of narcotics.

Following the August 16, 2012 phone call with the Defendant, Wright drove to and parked on Carriage Court in Baltimore, Maryland as was agreed with the Defendant. After several minutes, the Defendant called Wright and directed him to proceed to Chedworth Lane in Baltimore, Maryland. Once there, the Defendant directed Wright to a nearby alley where the Defendant handed Wright 10 gelatin capsules of suspected heroin. Wright in turn handed the Defendant $200.00 in recorded ATF funds. Upon receiving the money, the Defendant handed Wright an additional 10 capsules containing suspected heroin. This transaction was visually recorded by other law enforcement officers observing the transaction from a covert location. The 20 capsules were later tested by the and determined to be less than 5 grams of heroin, a Schedule I controlled substance.

I have reviewed the above Factual Stipulation with my attorney, and I do not wish to change any part of it.

_5-1-13_  
Date

_Teddric Anderson_ (signature)  
Teddric Anderson